IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiffs,                                    **8:20CR209**

vs.

SERVANDO V. URIAS,                        **ORDER**

Defendant.

The initial indictment in this case alleges the defendant engaged in a conspiracy to distribute and possess with the intent to distribute cocaine and heroin. The trial on those two counts ended in a mistrial. Thereafter, the government filed a superseding indictment alleging an additional charge of illegal reentry. The initial appearance on the new charge was held yesterday.

During the hearing, the parties stated that unless a plea of guilty is entered as to one or both of the pending charges, the illegal reentry and drug charges will be tried in a single trial. Defense counsel states that subject to review of the government's Rule 16 discovery, his client intends to enter a plea of guilty on the illegal reentry charge. But defense counsel has not yet received the government's Rule 16 discovery on that charge.

With the parties' consent, the court set a change of plea hearing on the illegal reentry charge to be held on June 23, 2022. If the defendant does not plead guilty on the illegal reentry charge during that hearing, the court will set both the drug charge and the illegal reentry charge for a single trial before Judge Gerrard. If the defendant does plead guilty on the illegal reentry charge on June 23, 2022, the court will set only the drug charge for trial.

In the meantime, counsel represent that they are discussing how to resolve this entire case with a plea agreement.

Accordingly,

IT IS ORDERED:

1)      Within 14 days of this order, the government shall disclose it Rule 16 discovery materials on the illegal reentry charge to defense counsel.

2)      Defendant's request to set a change of plea hearing is granted. A hearing on Defendant's anticipated plea of guilty is scheduled before Magistrate Judge Zwart on June 23, 2022, at 3:00 p.m., by videoconference. Defendant, defense counsel, and counsel for the government shall appear at this hearing.

3)      On or before the date set for the plea proceeding, counsel for the government and for Defendant shall provide to the assigned probation officer their respective versions of the offense for purposes of preparing the presentence investigation report.

4)      As to both the illegal reentry charge and the drug charges, the ends of justice served by granting Defendant's request to set a change of plea hearing outweigh the interests of the public and Defendant in a speedy trial. The time between today's date and the district court judge's acceptance or rejection of the anticipated plea of guilty shall be deemed excluded in any computation of time under the requirements of the Speedy Trial Act because the failure to grant additional time would result in a miscarriage of justice (18 U.S.C. § 3161(h)(7)) by: 1) impeding the parties' ability to fully engage in plea negotiations to resolve the entire case; and 2) if all or part of the case must be tried, requiring separate

trials on the illegal reentry and drug charges or, alternatively, limiting the defendant's ability to prepare for trial on the illegal reentry charge.

Dated this 26th day of May, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge